**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANDERSON ROUVIER MORA ROA,** | § | |
| | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 3:26-cv-1003-O** |
| | § | |
| **WARDEN PRARIELAND** | § | |
| **DETENTION CENTER,**[1] | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Anderson Rouvier Mora Roa filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his "unlawful detention and imminent removal." *See* ECF No. 1 at 1, 21. He contends that he is detained without adequate due process, particularly given his "viable legal defenses to removal." *Id.* at 23-26. He also filed a motion for a temporary restraining order (TRO) to prevent his removal from the United States pending resolution of his habeas petition. *See* ECF No. 2; ECF No. 1 at 31. He contends that his removal before the Court can decide his habeas petition would "cause irreparable harm and would effectively deprive Petitioner of meaningful judicial review." ECF No. 1 at 32. Upon consideration of Petitioner's filings and the applicable law, the Court will **DENY** Petitioner's motion for a TRO.

---

[1] The Court **DIRECTS** the Clerk of Court to change the caption of this case to reflect that the Warden of the Prairieland Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this case.

Temporary restraining orders are "extraordinary relief and rarely issued." *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999). Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. Here, Petitioner does not specify whether he seeks an *ex parte* TRO or whether he provided notice to Respondent. Therefore, the Court considers both avenues in turn.

If Petitioner is requesting that the Court grant an *ex parte* TRO, he does not satisfy Rule 65(b)(1), which provides that a Court can issue an *ex parte* TRO without notice to the adverse party or its attorneys only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage, will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B). Petitioner fails to set out facts showing that he will experience irreparable harm before Respondent can be heard in opposition. Petitioner has not shown that Respondent has notice of the emergency relief he requests, and he fails to explain why such notice should not be required. Petitioner is not entitled to an *ex parte* TRO.

Even if Petitioner satisfied Rule 65(b) or was not seeking *ex parte* relief, he also fails to show that a TRO is warranted on the merits. For a district court to grant a request for a temporary restraining order, Petitioner must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat that the movant will suffer irreparable injury if the request is denied, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest. *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). When considering the degree of threat that the movant faces, a presently existing actual threat must be shown. *United States v. Emerson*, 270 F.3d 203, 262 (5th

Cir. 2001). The Court cannot grant a request for injunctive relief "to prevent the possibility of some remote future injury." *Id.*

Petitioner's conclusory motion (ECF No. 1 at 34) fails to establish a substantial likelihood of success on the merits. And the irreparable harm he fears—deportation before the Court can consider his habeas petition—is too speculative to warrant a TRO. *See Lotter v. Lyons*, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025) (noting that "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief"). Further still, Petitioner fails to show that his deportation would moot his habeas claims, undermining his irreparable harm argument. *See*, *e.g.*, *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) ("deportation subsequent to the filing of the petition in habeas corpus does not deprive the courts of jurisdiction").

Accordingly, Petitioner's motion for a TRO (ECF No. 2) is **DENIED**. Petitioner's habeas petition remains pending, and the Court will enter a separate briefing schedule.

SO ORDERED this 1st day of April 2026.

_____
Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

3