IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANDERSON ROUVIER MORA ROA, §
                Petitioner, §
§
v. § CIVIL CASE NO. 3:26-CV-1003-O
§
WARDEN PRAIRIELAND §
DETENTION CENTER, §
                Respondent. §

ORDER

Before the court is *pro se* Petitioner Anderson Rouvier Mora Roa's petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention pending removal proceedings. ECF No. 1. Respondent filed a response, and Petitioner did not file a reply. ECF No. 13. Upon careful review of the pleadings and the applicable law, the petition is **DENIED**.

## I.      BACKGROUND

Petitioner, a native and citizen of Venezuela, was ordered removed by an Immigration Judge on January 7, 2026.[1] He appealed that order to the Board of Immigration Appeals, where it remains pending.[2] Petitioner filed his habeas corpus petition on March 30, 2026, challenging his detention while his removal proceedings are pending. He seeks relief under the Due Process Clause of the Fifth Amendment, arguing, in essence, that he is entitled to a bond hearing or individualized custody determination pending his unduly prolonged removal proceedings.[3] Liberally construing

---

[1] ECF No. 1 at ¶¶27-28.

[2] *Id.* ¶31.

[3] *Id.* ¶¶35-47.

1

his allegations, he also argues that there have been procedural irregularities in his removal proceedings.[4]

Respondent contends that Petitioner is subject to mandatory detention as an arriving alien and applicant for admission under 8 U.S.C. § 1225, so he is ineligible for release. *See Buenrostro-Mendez v. Bondi*, 166 F .4th 494, 502 (5th Cir. 2026). Respondent also argues that Petitioner's detention pending his removal proceedings does not otherwise offend the Due Process Clause.[5]

## II.    ANALYSIS

"[T]he Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings." *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 697 (N.D. Tex. 2025) (discussing *Demore v. Kim*, 538 U.S. 510 (2003)). Accordingly, substantive due process is not offended by an alien's detention pending removal proceedings. *Id.* "[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Demore*, 538 U.S. at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. "Against that backdrop, the notion that substantive due process requires a bond hearing is untenable." *Zuniga*, 814 F. Supp. at 697.

Any procedural due process claim is similarly foreclosed as Petitioner "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). *See also id*. at 139 ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign

---

[4] *Id.* ¶¶5, 26-29.

[5] ECF No. 13 at 3-5.

prerogative.") (cleaned up). In 8 U.S.C § 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. And an "applicant for admission," is properly detained without bond under § 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. Therefore, Petitioner's procedural due process claim fails.

Finally, Petitioner suggests that various irregularities in his removal proceedings have deprived him of due process. He alleges that the Immigration Judge denied Petitioner and his counsel access to a virtual courtroom and improperly ordered Petitioner removed to Ecuador without providing a meaningful opportunity to respond to the Department of Homeland Security's argument that the "U.S.-Ecuador Cooperation Agreement" applied to Petitioner's case.[6] The Court lacks jurisdiction over this claim. The Immigration and Nationality Act provides that "a petition for review filed with an appropriate court of appeals" is "the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Under § 1252(b)(9), the statute also channels "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States" into "judicial review of a final order" of removal. *Id.* § 1252(b)(9). A plurality of the Supreme Court in *Jennings v. Rodriguez* indicated that § 1252(b)(9) applies, in relevant part, when the petitioner "challeng[es] any part of the process by which their removability will be determined." 583 U.S. 281, 294 (2018). Thus, Petitioner's challenges to procedural irregularities in the removal proceedings must be raised to the appropriate court of appeals—not this Court—in connection with its review of a final order of removal.

---

[6] ECF No. 1 at ¶¶26-29.

### III.    CONCLUSION

For these reasons, the petition for writ of habeas corpus is **DENIED** and this action is

**DISMISSED WITH PREJUDICE**.

SO ORDERED July 14, 2026.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**